37   183<br>136s 317

# THE WESTERN MANUFACTURERS' MUTUAL INSURANCE COMPANY

## v.

## WILLIS L. BOUGHTON.

*Master and Servant—Contract of Service—Wrongful Discharge—Damages—Overtime.*

1.  Whether, under given circumstances, there was upon a certain date a new hiring of a servant, is a question of fact for the jury.

2.  The continuance of an employment during several years, and one month of another year, without new arrangements, will warrant a verdict for the plaintiff on the issue as to the fact and term of a new hiring, in an action by a servant to recover damages for a wrongful discharge.

3.  In such action a letter of recommendation, written for and delivered to an employe by his employer, is admissible by way of impeachment upon cross-examination of the writer, he having testified that the servant was discharged for neglect of duty.

4.  In the case presented, this court holds that a certain instruction asked by the defendant was properly modified by the trial court, and declines to interfere with the judgment for the plaintiff.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. MYRON H. BEACH, for appellant.

Messrs. SETH F. CREWS and ERNEST DALE OWEN, for appellee.

GARY, P. J.   This is an action by the appellee against the appellant to recover damages for a wrongful discharge from its service, during the term for which he was engaged.

He entered their service in 1883.   On a salary book of the company were these entries: "Willis L. Boughton, 1883, July 1st.  Salary per annum, $1,400."   On the line below, "1884, February 1st, salary per annum, $1,500."   Without any new or further arrangement between the parties, the appellee continued in the service of the company during the years 1884, 1885, 1886 and 1887, and commenced in the year 1888.   On the first day of March of the latter year they gave him notice to quit on the last day of that month, which he obeyed.

The appellant justifies the discharge upon the ground that it was part of its contract with the appellee that he might be discharged on thirty days' notice; and also that he had neglected his duty.   Whether under the circumstances there was, on the first day of February, 1888, a new hiring for a year, beginning on that day, was a question of fact for the jury. That he had worked for them for four consecutive years, on a yearly salary, and had served one month on another year, with no new arrangement, warranted a verdict in his favor on the issue as to the fact and term of a new hiring.   2 Ch. Cont. 841.   If either by the terms of the contract between the parties, or by his neglect, the appellant was justified in discharging him, the burden was on it to convince the jury of it, which it might reasonably be expected in a case between a corporation and a private individual, upon conflicting evidence, they would fail to do.   Nevertheless their verdict is final upon the facts.

The appellant called as a witness, George D. Farr, its secretary, to testify to neglect of duty by the appellee. On his cross-examination the appellee put in evidence a letter written by Farr, as follows:

"CHICAGO, August 22, 1888.

"To whom it may concern:

"Mr. W. L. Boughton was in the employ of this company, and I can bear testimony to his promptness and efficiency in his duties as bookkeeper and cashier.

"GEO. D. FARR."

This was excepted to by the appellant, but was competent as impeaching the witness. 1 Greenleaf on Ev., Sec. 462; 2 Taylor's Ev., 1235.

The appellee claimed on the trial extra compensation for extra services, by working nights and Sundays, at various times during his service. With reference to this claim the appellant asked this instruction:

"The jury are instructed, if you believe from the evidence that payment was made to the plaintiff for his services at the end of each month, and a receipt or voucher taken therefor, and that there was no demand made by him during such month, or prior thereto, such payments and the receipt and voucher therefor by the plaintiff, is to be considered as a settlement and payment in full of and for all demands by the plaintiff up to, and prior to the date of such payment, and, if you so believe and find, your verdict must be for the defendant."

The court refused to give the instruction, as asked, but modified it so as to read as follows:

"The jury are instructed, if you believe from the evidence that payment was made to the plaintiff for his services at the end of each month during the term of his employment, and a receipt or voucher taken therefor, and that there was no demand made by him for extra compensation for extra services performed by him during such month, or prior thereto, such payments and receipt and voucher therefor by the plaintiff, is to be considered as a settlement and payment in full of and for all demands by the plaintiff up to and prior to the date of

such payment, and if you so believe and find, the plaintiff can not recover under the allegations claiming payment for extra services."

The modification is complained of as amounting to an assumption by the court, which the jury would follow, that the appellee was employed for one year from the 1st of February, 1888. It is not susceptible of such a construction. The "term" therein mentioned was a term during which, at the end of each month, he had been paid, and whether that had been for a longer or shorter period, terminable on notice or not, it was "the term of his employment," under which the services for that month had been rendered.

As asked, the instruction was wrong, in requiring a verdict for the appellant, if the claim of the appellee for extra services was rejected.

There is no error and the judgment is affirmed.

*Judgment affirmed.*